# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |
|---|---|---|

Filed: June 03, 2022

Ms. Courtney E. Albini
Mr. Brett Robert Nolan
Office of the Attorney General of Kentucky
700 Capitol Avenue, Suite 118
Frankfort, KY 40601

Mr. Jeffrey A. Sexton
Jeffrey A. Sexton, Attorney at Law
325 W. Main Street, Suite 150
Louisville, KY 40202

          Re:  Case No. 21-6183, *Stephanie Smith, et al v. Commonwealth of Kentucky, et al*
               Originating Case No. : 3:21-cv-00288

Dear Counsel,

   The court today announced its decision in the above-styled case.

   Enclosed is a copy of the court's published opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

                                                Yours very truly,

                                                Deborah S. Hunt, Clerk

                                                Cathryn Lovely
                                                Deputy Clerk

cc: Mr. James J. Vilt Jr.

Enclosures

Mandate to issue.

RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0119p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

Stephanie Logsdon Smith; Bridgett Dennis; Estate of Cammie Musinski, by Alayna Musinski, Administrator,

    *Plaintiffs-Appellants*,

  *v.*

Commonwealth of Kentucky,

    *Defendant-Appellee*.

> No. 21-6183

Appeal from the United States District Court for the Western District of Kentucky at Louisville.
No. 3:21-cv-00288—Benjamin J. Beaton, District Judge.

Decided and Filed: June 3, 2022

Before: CLAY, ROGERS, and KETHLEDGE, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Jeffrey A. Sexton, JEFFREY A. SEXTON, ATTORNEY AT LAW, Louisville, Kentucky, for Appellant. Brett R. Nolan, Courtney E. Albini, OFFICE OF THE KENTUCKY ATTORNEY GENERAL, Frankfort, Kentucky, for Appellee.

_____

**OPINION**

_____

CLAY, Circuit Judge. Plaintiffs appeal the district court's dismissal of their civil rights action for violations of the Thirteenth Amendment arising from the alleged sexual abuse of Plaintiffs by a state probation officer. The district court granted Defendant's motion to dismiss on the basis that the Thirteenth Amendment neither provides a private cause of action for damages nor abrogates state sovereign immunity. We **AFFIRM** for the reasons set forth below.

## I. BACKGROUND

### A. Factual Background

Plaintiffs were allegedly sexually abused on multiple occasions by Officer Ronald Tyler, a Kentucky probation and parole officer. They claim that Tyler raped and sexually assaulted them between 2017 and 2019, while Plaintiffs served sentences for various state convictions. Additionally, Tyler allegedly made "direct and indirect threats of retaliation, force, bodily harm and injury, incarceration, and cruel and unusual punishment against Plaintiffs . . . ." (Compl., R. 1, Page ID # 4.)

In August 2018, one of Tyler's victims filed a sexual harassment complaint against him. However, Tyler's supervisor, Johnathan Hall, concealed the complaint. The state of Kentucky terminated Hall, in part due to this concealment. Subsequently, the state charged Tyler with rape in the first degree, sodomy in the first degree, four counts of sexual abuse in the first degree, tampering with physical evidence, official misconduct in the first degree, and harassment.[1]

Plaintiffs Smith and Dennis claim that they continue to experience depression, anxiety, and other emotional and mental health adversities due to Defendant's alleged actions. Plaintiffs also claim that decedent Plaintiff Musinski's death was "caused by a relapse into drug dependency triggered by the depression, anxiety and other emotional and mental health issues caused by the actions and inactions of Tyler, Hall, and the Defendants." (Compl., R. 1, Page ID # 14.)

### B. Procedural History

Plaintiffs filed their civil rights action against Governor Andrew G. Beshear and the Commonwealth of Kentucky in May 2021. Initially, Plaintiffs brought their claims under 42 U.S.C. § 1983 and the Thirteenth Amendment to the United States Constitution. They argued that Defendants "directly violated Plaintiffs' right[s] . . . to be free from involuntary sexual

---

[1]The docket sheet provided by Plaintiffs indicates that the state court case associated with these charges, Kentucky Case No. 19-CR-00147, was dismissed without prejudice. (State Crim. Docket Sheet, R. 1-2, Ex. B, Page ID # 25.) However, the record does not provide any additional information regarding the adjudication of these charges.

servitude guaranteed by U.S. Const. amend. XIII by and through the acts of the Defendants' employee Tyler while the Plaintiffs were under Tyler's supervision and while the Plaintiffs were incarcerated and in the care and custody of the Defendants." (*Id.* at Page ID # 16.) They also claimed that Defendants violated Plaintiffs' Thirteenth Amendment rights to be free from "unwanted sexual physical contact," "unwanted intrusion upon Plaintiffs' person(s) for the sexual gratification of Defendants' employee," "sexual physical assault," and "unwanted sexual contact." (*Id.* at Page ID # 16–17.)

Defendants subsequently filed a motion to dismiss. They alleged that Plaintiffs' complaint was barred by the Eleventh Amendment and the applicable statute of limitations. Plaintiffs then amended their complaint and disavowed their reliance on 42 U.S.C. § 1983. They contended that their action arose out of the Thirteenth Amendment exclusively, disclaimed their arguments against Governor Beshear, and asserted that jurisdiction was properly conferred by 28 U.S.C. § 1331.

The Commonwealth of Kentucky then filed a second motion to dismiss for lack of jurisdiction. It argued that Plaintiffs failed to state a cognizable claim for relief, and Defendant also reiterated its argument that Plaintiffs' claims were otherwise barred by the Eleventh Amendment and the applicable statute of limitations. Plaintiffs responded, and Defendant replied.

The district court granted Defendant's second motion to dismiss on the basis that the Thirteenth Amendment neither provides a cause of action for damages nor abrogates state sovereign immunity against private damages actions. Plaintiffs timely appealed. Before this Court, they argue that no state or federal law prohibits them from filing suit "directly against the Commonwealth of Kentucky under Section 1 of U.S. Const amend. XIII for its failure to properly train and supervise its employee to not make personal sex slaves of his probationers and parolees." (Appellants' Br. 9.) Plaintiffs assert that "though perhaps novel in the eyes of some," this argument is not "foreclosed[] by controlling precedent." (*Id.*)

## II. DISCUSSION

Plaintiffs contend that the district court erred when it granted Defendant's motion to dismiss for failure to state a claim for relief under the Thirteenth Amendment. However, because the Thirteenth Amendment neither provides a cause of action for damages, nor abrogates Kentucky's sovereign immunity, and Kentucky did not otherwise waive its sovereign immunity, the district court appropriately dismissed Plaintiffs' claims.

### A. Standard of Review

The Court reviews a district court's order granting a motion to dismiss for failure to state a claim *de novo*. *See Beydoun v. Sessions*, 871 F.3d 459, 464 (6th Cir. 2017) (quoting *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (citing *Marks v. Newcourt Credit Grp., Inc.*, 342 F.3d 444, 451 (6th Cir. 2003))). The Court may affirm the district court's dismissal "on any basis presented by the record." *Id.* at 466.

### B. Private Cause of Action for Damages

Plaintiffs first argue that "suits attacking compulsory labor, *i.e.*, indentured servitude, arise *directly* under prohibition of § 1 [of the Thirteenth Amendment], which is 'undoubtedly self-executing without any ancillary legislation . . . .'" (Appellants' Br. 28 (emphasis added) (quoting *The Civil Rights Cases*, 109 U.S. 3, 28 (1883)).) Accordingly, they contend that the Thirteenth Amendment "must provide a direct private right of action," and they "ask this Court to interpret § 1 of U.S. Const. amend. XIII . . . to adopt a construction which supports the intent of an implied private right of action against a State for said State's violation . . . ." (*Id.* at 28, 31.)

But "[t]he Supreme Court has never recognized a cause of action arising directly under the Constitution in a case where § 1983 was available as a remedy," and "it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights." *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987) (citing *Graves v. Wayne Cnty.*, 577 F. Supp. 1008, 1013 (E.D. Mich. 1984)

(quoting *Small v. Inhabitants of the City of Belfast*, 574 F. Supp. 761, 764 (D. Me. 1982))), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989); *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (citing *Azul-Pacifico Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (concluding that a plaintiff "complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983" where § 1983 "was available . . . but plaintiff failed to file its complaint within the applicable limitations period")); *see also Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020) (noting that the finding that "a damages remedy is implied by a provision that makes no reference to that remedy may upset the careful balance of interests struck by the lawmakers," particularly where there is no clear manifestation of congressional intent to do so); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856 (2017). Unlike cases where federal courts have recognized implied rights to sue for damages, *see, e.g.*, *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971) (recognizing an implicit right to sue federal officials for violation of the Fourth Amendment), Plaintiffs here had, and simply missed, the opportunity to avail themselves of a statute through which to properly bring their lawsuit, *see* 42 U.S.C. § 1983; *see also Bivens*, 403 U.S. at 389, 396.

This conclusion bears the weight of binding authority. Indeed, the Thirteenth Amendment is distinct from other amendments from which courts have recognized an implied cause of action for damages. *Compare* U.S. Const. amend. XIII *with* U.S. Const. amends. IV, V, VIII; *Bivens*, 403 U.S. at 397; *Davis v. Passman*, 442 U.S. 228, 230 (1979) (recognizing the plaintiff's implicit right to sue a federal official for alleged violations of the Due Process Clause of the Fifth Amendment); *Carlson v. Green*, 446 U.S. 14, 18–19 (1980) (recognizing the plaintiff's implicit right to sue federal officials for alleged violations of the Eighth Amendment). Unlike the Fourth, Fifth, and Eighth Amendments, the Thirteenth Amendment explicitly gives Congress the "power to enforce this article by appropriate legislation." U.S. Const. amend. XIII § 2. And Congress has done so. *See, e.g.*, 18 U.S.C. §§ 1581, 1584; *see also United States v. Roof*, 10 F.4th 314, 394–95 (4th Cir. 2021) (concluding that "the HCPA [18 U.S.C. § 249] is appropriate legislation under § 2 of the Thirteenth Amendment"); *see also* 42 U.S.C. § 1983. As the district court more specifically pointed out, "Congress has used its authority under § 2 to create *private remedies* for harms similar to those alleged in this case: imposing badges of slavery and holding someone in involuntary servitude." (Op. & Order, R. 13, Page ID # 176

(emphasis added)); *see also* 42 U.S.C. § 1981; 18 U.S.C. §§ 1589–91. In this sense, the Thirteenth Amendment is more like the Fourteenth Amendment than the Fourth, Fifth, and Eighth Amendments. *See* U.S. Const. amends. XIV § 5, XIII; *see also* Const. amends. IV, V, VIII. And "we have long held that § 1983 provides the exclusive remedy for constitutional violations" for rights protected by the Fourteenth Amendment where Congress has not otherwise provided a cause of action. *Foster v. Michigan*, 573 F. App'x 377, 391 (6th Cir. 2014) (citing *Shipka*, 818 F.3d at 503).

In the present case, Plaintiffs initially asserted their alleged Thirteenth Amendment violations against Kentucky state actors through the mechanism available to them in federal court: 42 U.S.C. § 1983. But they did so after the relevant statute of limitations expired. *See Collard v. Kentucky Bd. Of Nursing*, 896 F.2d 179, 180 (6th Cir. 1990) ("Since Congress has never legislated a statute of limitations period for section 1983 actions, the courts, pursuant to the mandate of 42 U.S.C. § 1988, have had to look to analogous state statutes."); *Owens v. Okure*, 488 U.S. 235, 250 (1989) ("[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions"); Ky. Rev. Stat. § 413.140(1)(a) (establishing a limitations period of one year for personal injury actions). Plaintiffs then attempted to circumvent the applicable limitations period by asking the district court "to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which [they] could have vindicated [their] constitutional rights." *Shipka*, 818 F.3d at 500; *see also Azul-Pacifico Inc.*, 973 F.2d at 705. Because this approach is foreclosed by binding precedent, the district court did not err when it granted Defendant's motion to dismiss. *Shipka*, 818 F.3d at 500; *see also* Martin A. Schwartz & Kris Markarian, *Section 1983 Litigation* § 2 (3rd ed. 2014) ("In addition, § 1983 provides the exclusive available federal remedy for violations of federal constitutional rights under color of state law. Thus, plaintiffs may not avoid the limitations of a § 1983 claim for relief by asserting a claim directly under the Constitution.") (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989)).

### C. Abrogation of Sovereign Immunity

Plaintiffs also contend that "there can be no doubt that the States have consented to suit pursuant to ratification of the Thirteenth Amendment." (Appellants' Br. 45.) They add that "[u]nless the legal reasoning is that the 'several States' hid their fingers crossed behind their backs when ratifying U.S. Const. amend. XIII, it cannot be logically argued that the 'several States' retained sovereign immunity . . . against suit for violation of U.S. Const. amend. XIII . . . ." (*Id.* at 46.) However, Eleventh Amendment jurisprudence suggests otherwise.

The text of the Eleventh Amendment provides as follows:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

U.S. Const. amend. XI. Simply put, the "Eleventh Amendment bars suits against a state or its agencies in federal court." *Brent v. Wayne Cty. Dep't of Hum. Servs.*, 901 F.3d 656, 681 (6th Cir. 2018). The text itself "applies only if the plaintiff is not a citizen of the defendant State." *Allen v. Cooper*, 140 S. Ct. 994, 1000 (2020). But the Supreme Court "has long understood [the] Amendment to 'stand not so much for what it says' as for the broader 'presupposition of our constitutional structure which it confirms.'" *Id.* (citation omitted). Based on that presupposition, the Supreme Court has expanded the scope of the Amendment's plain language in two significant ways. First, in *Hans v. Louisiana*, 134 U.S. 1, 18–19 (1890), the Supreme Court held that Eleventh Amendment sovereign immunity applies to private suits commenced against a state by citizens of the same state. *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 140–41 (1984) (Stevens, J., dissenting). Second, in *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), the Court made the Eleventh Amendment applicable to state officials sued in their official capacity.

However, even with these expansions, there are "three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit; (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young*, 209 U.S. 123 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citing *Puckett v. Lexington-Fayette Urban Cty. Gov't*, 833 F.3d 590, 598 (6th Cir. 2016)). In

this case, Kentucky has not waived immunity. (*See* Appellee's Br. 13; Second Mot. to Dismiss, R. 10, Page ID # 102); *see also id.*, 865 F.3d at 410 (concluding that "appearance in court to present certain defenses, such as a statute of limitations argument, is not a defense on the merits indicating waiver of immunity") (citing *Akers v. Cty. Of Bell*, 498 F. App'x 483, 490 (6th Cir. 2012)). Nor does the doctrine set forth in *Ex Parte Young* apply because Plaintiffs do not "bring claims for *prospective relief*." *Boler*, 865 F.3d at 412 (emphasis added). Accordingly, the Court's analysis is limited to whether the Thirteenth Amendment expressly abrogates Kentucky's sovereign immunity. *See id.* at 410.

The text of the Thirteenth Amendment and relevant authority show that it does not. The Supreme Court has clarified that Congress may only abrogate the state's sovereign immunity by "unequivocally" expressing its intent to abrogate immunity pursuant to a valid exercise of power. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55–56 (1996); *Green v. Mansour*, 474 U.S. 64, 68 (1985). The Thirteenth Amendment lacks such unequivocal language explicitly, or implicitly, expressing that states "shall not be immune" from actions that may stem from its provisions. *Allen*, 140 S. Ct. at 1001; U.S. Const. amend. XIII; *see also Seminole Tribe of Fla.*, 517 U.S. at 57 (concluding that "the numerous references to the 'State'" in the text of the provision providing the cause of action and remedial scheme at issue "make it indubitable that Congress intended . . . to abrogate the States' sovereign immunity from suit").

This is also true of the Fourteenth Amendment, which the Supreme Court has compared to the Thirteenth Amendment in the context of congressional enforcement. *See Civil Rights Cases*, 109 U.S. 3, 20–21 (1883); *see also* U.S. Const. amends. XIII § 2, XIV § 5. Importantly, the Supreme Court has held that the Fourteenth Amendment itself does not abrogate sovereign immunity merely through its ratification by the states; rather, Congress may "carve out" such an exception via statutes promulgated under its enforcement authority. *See, e.g.*, *Fitzpatrick v. Bitzer*, 427 U.S. 445, 451–52 (1976) (finding clear evidence of congressional intent to abrogate Eleventh Amendment immunity in the context of Title VII). And this Court has concluded that even if "one assumes *arguendo*" that "the implementing clause of the thirteenth amendment," like the implementing clause of the Fourteenth Amendment, "also gave Congress the power to abrogate state sovereign immunity," a plaintiff must still point to "evidence of a clear

congressional purpose to use [that] power [].” *Foulks v. Ohio Dept. of Rehab. & Corr.*, 713 F.2d 1229, 1232–33 (6th Cir. 1983) (emphasis in original). In other words, both the Supreme Court and this Court have concluded that ratification is insufficient to establish clear intent to abrogate sovereign immunity.

Plaintiffs insist that because the Thirteenth Amendment is self-executing without any ancillary legislation, the amendment itself abrogated state sovereign immunity without any need for Congress to act. However, this argument is foreclosed for similar reasons: despite the self-executing nature of both the Thirteenth and Fourteenth Amendments, this Court and the Supreme Court have concluded that a clear statement regarding abrogation is necessary to overcome sovereign immunity. *See id.*; *Fitzpatrick*, 427 U.S. at 451–52. Other circuits have unanimously agreed. *See, e.g.*, *Vann v. Kempthorne*, 534 F.3d 741, 748 (D.C. Cir. 2008) (concluding that the text of the Thirteenth Amendment does not provide an "express and unequivocal" abrogation of the Cherokee Nation's sovereign immunity); *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995) (concluding that the text of the Thirteenth Amendment does not abrogate sovereign immunity regardless of any self-enforcing construction that may or may not be attached to it). Accordingly, the district court correctly determined that Kentucky's sovereign immunity barred Plaintiffs' claims.

In its order granting Defendant's motion to dismiss, the district court stated the following:

> The allegations in this case are awful. If true, the victims undoubtedly suffered harm and deserve relief. But the Court cannot carve a new cause of action against Plaintiffs' preferred defendants and despite Kentucky's sovereign immunity. The Constitution is not a Swiss Army knife judges carry to whittle away inconvenient aspects of state law. Not every injury—not even the most profound—finds a remedy in the U.S. Constitution.

(Op. & Order, R. 13, Page ID # 181.) The alleged conduct is indeed awful, and it sets out the possibility of a number of state and federal law violations. It also raises broader policy questions regarding the limitations periods that apply to constitutional claims brought under 42 U.S.C. § 1983. *See Owens*, 488 U.S. at 250 (concluding that courts considering § 1983 claims should apply the limitations period established by the state's general or residual statute for personal injury actions); Ky. Rev. Stat. § 413.140(1)(a) (establishing a limitations period of one year for

personal injury actions); *see generally Collard*, 896 F.2d at 180. However, the district court did not err when it dismissed Plaintiffs' suit because they did not bring their claims pursuant to a viable cause of action. Additionally, even if Plaintiffs had done so, the state of Kentucky has not waived its immunity, and the Thirteenth Amendment does not otherwise abrogate its sovereign immunity. *See Sossamon v. Texas*, 563 U.S. 277, 284–85 (2011); *Seminole Tribe of Fla.*, 517 U.S. at 55. While the Court acknowledges the severity of Plaintiffs' allegations, controlling precedent limits its capacity to craft a new path for relief where Plaintiffs simply failed to timely file their complaint under 42 U.S.C. § 1983. *See Azul-Pacifico, Inc.*, 973 F.2d at 705.

## CONCLUSION

For the reasons set forth in this opinion, the Court **AFFIRMS** the district court's order granting Defendant's motion to dismiss.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 21-6183

STEPHANIE LOGSDON SMITH; BRIDGETT DENNIS; ESTATE OF CAMMIE MUSINSKI, by Alayna Musinski, Administrator,

    Plaintiffs - Appellants,

v.

COMMONWEALTH OF KENTUCKY,

    Defendant - Appellee.

**FILED**
Jun 03, 2022
DEBORAH S. HUNT, Clerk

Before: CLAY, ROGERS, and KETHLEDGE, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Western District of Kentucky at Louisville.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION THEREOF, it is ORDERED that the district court's order granting Defendant's motion to dismiss is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk